1  Robert A. Bailey (# 214688)
     rbailey@afrct.com
2  E. Christine Hehir (# 201969)
     chehir@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Telephone:  (626) 535-1900
   Facsimile:   (626) 577-7764
6
   Attorneys for Defendant WELLS FARGO
7  BANK, N.A., successor by merger with
   Wells Fargo Bank Southwest, N.A.,
8  formerly known as WACHOVIA
   MORTGAGE, FSB, formerly known as
9  World Savings Bank, FSB ("Wells Fargo")
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
13
   TODD ARCOLEO,                          CASE NO.:  4:13-CV-04506-YGR
14
                                          [The Honorable Yvonne Gonzalez Rogers]
15         Plaintiff,
                                          **NOTICE OF MOTION AND MOTION TO
16         v.                             DISMISS PLAINTIFF'S COMPLAINT;
                                          MEMORANDUM OF POINTS AND
17                                        AUTHORITIES**
18 WELLS FARGO BANK, N.A., WACHOVIA
   MORTGAGE, FSB and DOES 1-20, inclusive, **HEARING**
19                                        Date:      **June 10, 2014**
                                          Time:      **2:00 p.m.**
20         Defendants.                    Ctrm:      **1, 4th Floor**
21

22 **TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

23         **PLEASE TAKE NOTICE** that on **June 10, 2014, at 2:00 p.m.** in **Courtroom 1, 4th

24 floor** of the above-entitled Court, located at 1301 Clay Street, Oakland, California, 94612 the

25 Honorable Yvonne Gonzalez Rogers presiding, defendant Wells Fargo Bank, N.A., successor by

26 merger with Wells Fargo Bank Southwest, N.A., formerly known as WACHOVIA

27 MORTGAGE, FSB and formerly known as World Savings Bank, FSB ("Wells Fargo"), will

28 move to dismiss the first through fourth claims in the complaint, pursuant to Rules 8, 9 and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   12(b)(6) of the Federal Rules of Civil Procedure.

2          This motion is based on this notice, the memorandum of points and authorities, the

3   request for judicial notice, the pleadings and on Wells Fargo's argument at the hearing on this

4   motion, if any.

5                                          Respectfully submitted,

6   Dated:  April 14, 2014                ANGLIN, FLEWELLING, RASMUSSEN,
                                           CAMPBELL & TRYTTEN LLP
7
                                          By:   /s/  E. Christine Hehir
8                                              E. Christine Hehir
                                               chehir@afrct.com
9                                          Attorneys for Defendant WELLS FARGO BANK,
                                           N.A., successor by merger with Wells Fargo Bank
10                                         Southwest, N.A., formerly known as WACHOVIA
                                           MORTGAGE, FSB, formerly known as World
11                                         Savings Bank, FSB ("Wells Fargo")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

# <u>TABLE OF CONTENTS</u>

Page

3    MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

4    1.    INTRODUCTION ...................................................................................................1

5    2.    SUMMARY OF PLAINTIFF'S COMPLAINT AND  JUDICIALLY
          NOTICEABLE FACTS .........................................................................................2

6         A.    The Loan, Default And The Completed Trustee Sale.............................2

          B.    The Complaint .........................................................................................2

7    3.    PLAINTIFF'S UNFAIR COMPETITION CLAIM IS WITHOUT MERIT .....................3

8    4.    THE COMPLAINT FAILS TO STATE A CLAIM FOR EITHER A
          NEGLIGENT OR INTENTIONAL MISREPRESENTATION ..................................5

9         A.    Plaintiff Fails To Plead The Elements Of Either Fraud Based Claim With
                The Required Specificity .........................................................................5

10        B.    The Complaint Lacks An Actionable Misrepresentation.........................7

11        C.    The Complaint Fails To Identify A Duty of Care For Plaintiff's Claim For
                Negligent Misrepresentation ...................................................................8

12   5.    PLAINTIFF FAILS TO ALLEGE A CLAIM FOR BREACH OF THE IMPLIED
          COVENANT OF GOOD FAITH AND FAIR DEALING.........................................9

13   6.    PLAINTIFF CANNOT OBTAIN EQUITABLE RELIEF TO SET ASIDE THE
          FORECLOSURE SALE BECAUSE HE FAILS TO INCLUDE A NECESSARY
          PARTY ..................................................................................................................10

14   7.    PLAINTIFF'S COMPLAINT FAILS TO SATISFY  THE RULE 8 PLEADING
          REQUIREMENTS...................................................................................................11

15   8.    CONCLUSION.........................................................................................................12

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4
*Alicea v. GE Money Bank,*
    2009 U.S. Dist. LEXIS 51296 (N.D. Cal. June 17, 2009) .......................................................8

5

6
*Ashcroft v. Iqbal,*
    129 U.S. 1937 (2009)...........................................................................................................11

7

8
*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................................................11

9
*Cross v. Downey Savings and Loan Association,*
    2009 U.S. Dist. LEXIS 17946 (C.D. Cal. Feb. 23, 2009).................................................10

10

11
*Fortaleza v. PNC Fin. Servs. Group, Inc.,*
    642 F. Supp. 2d 1012 (N.D. Cal. 2009) ...............................................................................9

12
*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) ................................................................................5

13

14
*Gonzales v. Wells Fargo Bank, N.A.,*
    2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012)..................................................9

15

16
*Hoffman v. Bank of America, N.A.,*
    2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ..................................................10

17

18
*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ..............................................................................................4

19
*Lomayaktewa v. Hathaway,*
    520 F.2d 1324 (9th Cir. 1975) ............................................................................................10

20

21
*Lorenz v. Sauer,*
    807 F.2d 1509 (9th Cir. 1987) ..............................................................................................6

22
*Martinez v. Welk Group, Inc.,*
    2011 U.S. Dist. LEXIS 58718 (S.D. Cal. June 2, 2011)......................................................4

23

24
*Melegrito v. CitiMortgage Inc.,*
    2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) .....................................................4

25

26
*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) ................................................................................................6

27
*Nguyen v. Wells Fargo Bank, N.A.,*
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ...............................................................................3

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Plastino v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 79342 (N.D. Cal. June 7, 2012) ..........................................8

*Safeco Ins. Co. v. Franklin*,
   185 F. Supp. 499 (N.D. Cal. 1960) ..........................................7

*Settle v. World Savings Bank, FSB*,
   2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012) ..........................................9

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..........................................5

*Virginia Surety Co. v. Northrop Grumman Corp.*,
   144 F.3d 1243 (9th Cir. 1998) ..........................................10

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ..........................................6

*Yourish v. Cal. Amplifier*,
   191 F.3d 983 (9th Cir. 1999) ..........................................6

**STATE CASES**

*Alliance Mortg. Co. v. Rothwell*,
   19 Cal. App. 4th 1226 (1995) ..........................................7

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) ..........................................6

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ..........................................3, 4

*Cicone v. URS Corp.*,
   183 Cal. App. 3d 194 (1986) ..........................................8

*Guz v. Bechtel Nat. Inc.*,
   24 Cal. 4th 317 (2000) ..........................................9

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) ..........................................4

*Ingels v. Westwood One Broadcasting Services, Inc.*,
   129 Cal. App. 4th 1050 (2005) ..........................................4, 5

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal. App. 4th 612 (1993) ..........................................3

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ..........................................3

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) ............................................................................8

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 .....................................................................................10

*Nymark v. Heart Fed. Savings & Loan Assn*,
   231 Cal.App.3d 1089 (1991) ............................................................................8

*Pasadena Live, LLC v. City of Pasadena*,
   114 Cal. App. 4th 1089 (2004) .........................................................................9

*Perlas v. GMAC Mortg., LLC*,
   187 Cal. App. 4th 429 (2010) ...........................................................................8

*Raedeke v. Gibraltar Sav. & Loan Assn.*,
   10 Cal. 3d 665 (1974) .......................................................................................7

*San Francisco Design Center Assoc. v. Portman Co.*,
   41 Cal. App. 4th 29 (1995) ...............................................................................8

*Saunders v. Superior Court*,
   27 Cal. App. 4th 832 (1994) .............................................................................4

*Smith v. City & County of San Francisco*,
   225 Cal. App. 3d 38 (1990) ..............................................................................7

*Stansfield v. Starkey*,
   220 Cal. App. 3d 59 (1990) ..............................................................................5

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
   17 Cal. 4th 553 (1998) ......................................................................................3

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal. App. 4th 153 (1991) ...............................................................................8

*Vlat v. University of So. California*,
   5 Cal. App. 3d 935 (1970) ................................................................................7

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ......................................................................5, 6

*Wolf v. Walt Disney Pictures and Television*,
   162 Cal. App. 4th 1107 (2008) .........................................................................9

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...............................................................1, 3, 4, 5

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**RULES**

Fed. R. Civ. P. 8 ..........................................................................................................1, 11

Fed. R. Civ. P. 9 .......................................................................................................1, 4, 5, 6

Fed. R. Civ. P. 12(b)(6)..................................................................................................11

Fed. R. Civ. P. 19 ............................................................................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<div style="text-align:left; writing-mode: vertical">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action arises from a loan Wells Fargo's predecessor, World Savings Bank, FSB ("World Savings") made to plaintiff in 2004, secured by a deed of trust on real property, plaintiff's default on the loan and the completed foreclosure sale of the property to an unnamed third party in 2012.  Plaintiff seeks damages and equitable relief to set aside the completed foreclosure sale.

According to plaintiff, the loan was not in default when Wells Fargo recorded a notice of default.  Plaintiff contacted Wells Fargo prior to the noticed foreclosure sale and Wells Fargo admitted it had misapplied plaintiff's loan payments and promised to reverse the foreclosure process.  Confusingly, plaintiff also complains that Wells Fargo falsely promised to assist him with (and provide) a loan modification and falsely promised to postpone (not cancel) the foreclosure sale.  Instead, Wells Fargo completed the foreclosure sale as noticed in the recorded Notice of Trustee Sale, it did not modify the loan, postpone the sale, reverse the foreclosure process, assist in modifying the loan or credit plaintiff's account.

Plaintiff asserts claims for negligent and intentional misrepresentation, breach of the implied covenant of good faith and fair dealing and violation of Business & Professions Code § 17200.  These claims fail for a number of reasons.  First, plaintiff fails to plead sufficient facts to state a claim, under the Rule 8 standard or with the particularity required under Rule 9 for a fraud claim.  Plaintiff also cannot establish Wells Fargo owed him a duty of care for his negligent misrepresentation claim.  Additionally, plaintiff cannot obtain equitable relief because of his failure to tender the debt and cannot prevail on a claim to set aside the trustee sale, as he fails to name the proper parties.  Finally, the claims are federally preempted under the Home Owner's Loan Act.  As such, Wells Fargo's motion should, respectfully, be granted and the complaint dismissed.

/ / /

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 2.   SUMMARY OF PLAINTIFF'S COMPLAINT AND
## JUDICIALLY NOTICEABLE FACTS

**A.     The Loan, Default And The Completed Trustee Sale**

In 2004, plaintiff borrowed $255,000 from Wells Fargo's predecessor, World Savings Bank, FSB. ("World Savings"). (Complaint ("Compl.") ¶7; Request for Judicial Notice ("RJN") Exh. A (Promissory Note). The Loan was memorialized by a promissory note and secured by a deed of trust recorded against 11126 Sunnyhill Court, Seaside, California (the "Property"). (RJN A; Exh. B (Deed of Trust)).

World Savings changed its name to Wachovia Mortgage, FSB in 2007. It then changed its name again to Wells Fargo Bank Southwest, N.A. and immediately merged into Wells Fargo Bank, N.A. in November, 2009. (RJN Exhs. C, D, E and F are certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; RJN Exh. G is a printout from the FDIC reflecting the name change and merger).

Plaintiff defaulted on the loan in March 2011 and the foreclosure process commenced with the recording on the Notice of Default in September 2011. (*See* RJN Exh. H; *see also* Compl. ¶9). Plaintiff failed to cure the default and a Notice of Trustee's Sale was recorded January 5, 2012 noticing a sale for January 26, 2012. (RJN Exh. I). The sale was completed as noticed and a Trustee Deed Upon Sale was recorded on February 8, 2012. (RJN Exh. J). The Property was purchased by unnamed parties, Ouita Martin and Thomas A. Johns. (RJN Exh. J).

**B.     The Complaint**

Plaintiff claims that "immediately" after receiving the Notice of Default, he contacted then Wachovia to learn why a foreclosure had commenced when, at the time, he was not in default on the loan. (Compl. ¶10). Plaintiff fails to state what happened as a result of this contact, though he next alleges that in "early" January 2012, in both oral and written communications, Wachovia advised plaintiff that the foreclosure process would be reversed due to payments made by plaintiff and misplaced by Wachovia. (¶¶11, 18, 19, 26, 33). According to plaintiff, Wells Fargo confirmed this in a January 17, 2012 letter. (¶18). Plaintiff does not attach

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   the letter or quote from it.  Despite these representations, the foreclosure sale was completed on

2   January 26, 2012.  (¶12).

3        However, plaintiff's complaint also alleges that Wells Fargo agreed to postpone the

4   trustee sale (Compl. ¶¶14, 19, 33) (contradicting his claim that Wells Fargo promised to reverse

5   the foreclosure process) and failed to assist with a loan modification (¶¶19, 26).  He also alleges

6   that the true facts were that Wells Fargo had no intention of stopping or reversing the

7   foreclosure, crediting his account, modifying the loan or cancelling the trustee sale and

8   foreclosure.  (*See* ¶19).  As a result of these representations, plaintiff alleges he was induced to

9   forego alternative means to protect the title to the property.  (¶¶23, 29, 31).

10       Based on these sparse allegations, plaintiff asserts claims for violation of Business &

11   Professions Code § 17200 ("UCL"), negligent and intentional misrepresentation, and breach of

12   contract of good faith and fair dealing.  None of these claims can withstand a motion to dismiss.

13       **3.    PLAINTIFF'S UNFAIR COMPETITION CLAIM IS WITHOUT MERIT**

14       Plaintiff predicates his claim under California's Unfair Competition Law ("UCL"),

15   Business & Professions Code §17200, on Wells Fargo's misrepresentations concerning reversing

16   the foreclosure process "due to payments made by plaintiff being misplaced by Wachovia"

17   (Compl. ¶¶11-12) and Wells Fargo's ability and/or willingness to postpone the trustee sale which

18   constituted a failure to negotiate in good faith and violated Civil Code §§ 2923.5 and 2923.6

19   (¶14).  Plaintiff fails to establish the elements of this claim.

20       A UCL claim requires the pleading of some business practice that is forbidden by law,

21   with particular facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea*

22   *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal.,*

23   *Inc.*, 14 Cal. App. 4th 612, 619 (1993); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d

24   1022, 1037 (N.D. Cal. 2010) ("cause of action is derivative of some other illegal conduct or

25   fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts

26   supporting the statutory elements of the violation").  Further, a UCL claim "cannot be used to

27   state a cause of action the gist of which is absolutely barred under some other principle of law."

28   *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998); *Cel-Tech*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) ("A court

2   may not allow a plaintiff to 'plead around an absolute bar to relief simply by recasting the cause

3   of action as one for unfair competition.'").

4        Plaintiff's allegations fail to establish any "unlawful" or "unfair" activity by Wells Fargo.

5   The "unlawful" prong borrows statutory or constitutional claims from elsewhere. *Melegrito v.*

6   *CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447, *24 (N.D. Cal. June 6, 2011). "A defendant

7   cannot be liable under § 17200 for committing 'unlawful business practices' without having

8   violated another law." *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th

9   1050, 1060 (2005) (citations omitted). The "unfair" prong applies when the practice at issue

10  allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a

11  violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech*

12  *Comm'cns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Even a cursory review of

13  the Complaint reveals that it contains no allegations which constitute either unlawful or unfair

14  practices. The allegations are simply insufficient. There are no facts alleged concerning

15  representations to postpone the trustee sale, nor how any such misrepresentations constituted bad

16  faith negotiating or how they violated Civil Code §§ 2923.5 and 2923.6.

17       Similarly, there are no allegations that would support the fraudulent prong of the statute.

18  The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or

19  practice actually misleads a plaintiff. See *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).

20  It must be shown that members of the public "are likely to be deceived." *Saunders v. Superior*

21  *Court*, 27 Cal. App. 4th 832, 839 (1994). A plaintiff "must plead a claim for fraudulent behavior

22  under the UCL with particularity as required by Rule 9(b)." *Martinez v. Welk Group, Inc.*, 2011

23  U.S. Dist. LEXIS 58718, at *22 (S.D. Cal. June 2, 2011) (citing *Kearns v. Ford Motor Co.*, 567

24  F.3d 1120, 1124 (9th Cir. 2009)).

25       As discussed in Section 4A below, plaintiff fails to satisfy Federal Rule of Civil

26  Procedure Rule 9(b). Plaintiff does not sufficiently allege any representations by Wells Fargo,

27  such as the names of any person or persons who allegedly made any fraudulent representations,

28  their authority to speak, to whom they spoke, what they said or wrote, and when it was said or

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    written.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

2         Finally, because this claim asserts no new facts and is based entirely on the faulty

3    allegations of fraud discussed below, it fails for the same reasons as discussed.  Where a plaintiff

4    cannot state a claim under the "borrowed" law, he or she cannot state a UCL claim either.  *Ingels*

5    *v. Westwood One Broad Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot

6    be liable under § 17200 for committing unlawful business practices without having violated

7    another law.").  As noted below, all of plaintiff's claims are deficient.  Since the UCL claim

8    relies on defective statutory and common law claims, the claims are not saved by recasting them

9    as claims for unfair competition.

10   **4.    THE COMPLAINT FAILS TO STATE A CLAIM FOR EITHER A NEGLIGENT**

11   **OR INTENTIONAL MISREPRESENTATION**

12        Incorporating the allegations from the introductory paragraphs of the complaint, the

13   second claim for negligent misrepresentation and the third claim for intentional

14   misrepresentation each allege that Wells Fargo falsely promised the foreclosure process would

15   be reversed. (*See* Compl. ¶¶11, 17, 24).  Additionally, plaintiff complains that Wells Fargo also

16   negligently and intentionally misrepresented that it would stop the foreclosure, credit plaintiff's

17   account, modify the loan, cancel the trustee sale (¶¶19, 26) and intentionally misrepresented that

18   it would assist with modifying the loan (¶26).  These claims fail for several reasons.

19   **A.    Plaintiff Fails To Plead The Elements Of Either Fraud Based Claim With The**

20   **Required Specificity**

21        To plead a cause of action for fraud, plaintiff must allege:  (i) a false representation as to

22   a material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable

23   reliance upon the misrepresentation, and (v) damage resulting from that justifiable reliance.

24   *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72-73 (1990); *Wilhelm v. Pray, Price, Williams &*

25   *Russell,* 186 Cal. App. 3d 1324, 1331 (1986).  Under FRCP 9(b), fraud allegations are subject to

26   a higher pleading standard and must be specifically pled.  *Glen Holly Entertainment, Inc. v.*

27   *Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999).  "This means the who, what,

28   when, where, and how . . . ."  *Glen Holly,* 100 F. Supp. 2d at 1094.  As for corporate defendants,

Rule 9(b) requires plaintiffs to specifically plead: (1) the misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written, (5) if statements were written, the specific documents containing the representations, and (6) the manner in which the representations were allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989). Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement. *Moore*, 885 F.2d at 540; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987). Thus, merely identifying allegedly fraudulent conduct fails.

In addition to the "time, place and content of an alleged misrepresentation," a plaintiff "must set forth what is false or misleading about a statement, and . . . [provide] an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993, n.10 (9th Cir. 1999). A claim for negligent misrepresentation is a species of fraud and must also be pled with specificity. *See Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987).

Here, the negligent and intentional misrepresentation claims fail to include almost any of the required information. The reference to "both oral and written communication" in early January 2012 is almost purposefully vague. (*See* Compl. ¶11). Plaintiff even references a letter of January 17, 2012, but does not name the person who wrote the letter, his or her authority to speak for Wells Fargo, does not provide any specific details from the letter, quote from it or attach it. (*See* ¶18). He does not state the date of any conversations, if they were by telephone, in person or all by correspondence, or even who initiated the purported contact. In fact, plaintiff alleges he contacted Wells Fargo "immediately" upon receiving the Notice of Default (mailed and recorded in September 2011) (¶10; RJN Exh. H), but his pleadings only reference oral and written communications purportedly occurring in early January 2012 (¶¶11, 18).

Plaintiff further fails to adequately plead detrimental reliance based on the alleged fraud. "[T]he mere assertion of 'reliance' is insufficient." *Cadlo v. Owens-Illinois, Inc*., 125 Cal. App. 4th 513, 519 (2004). Plaintiff is required to allege facts showing his actual and justifiable reliance. *Pray, Price, Williams & Russell*, 186 Cal. App. 3d at 1331. Detrimental reliance

1    requires a material change in one's legal position.  *Safeco Ins. Co. v. Franklin*, 185 F. Supp. 499,

2    501 (N.D. Cal. 1960). The action induced must be "of a definite and substantial character on the

3    part of the promisee."  *Vlat v. University of So. California*, 5 Cal. App. 3d 935, 944 (1970).  To

4    establish detrimental reliance, a plaintiff must provide evidence of a change in position in

5    response to what was promised.  *Smith v. City & County of San Francisco,* 225 Cal. App. 3d 38,

6    48 (1990).  This requires pleading facts demonstrating a substantial change in position, either by

7    act or by forbearance.  *See Raedeke v. Gibraltar Sav. & Loan Assn.,* 10 Cal. 3d 665, 672 (1974).

8            No such facts have been alleged.  Plaintiff merely makes a boilerplate assertion of

9    justifiable reliance stating that in reliance on Wells Fargo's representations, he was "induced to

10   take no further action to protect his property" (Compl. ¶22, *see also* ¶25) and was "induced to

11   forego alternative means to protect the title to the property" (¶¶23, 29).  Yet his allegations are

12   confusing at best and cannot serve as the basis for his claim of reliance.  The California Supreme

13   Court has held that justifiable "reliance exists when the misrepresentation or nondisclosure was

14   an *immediate cause* of the plaintiff's conduct which altered his or her legal relations. . . ."

15   *Alliance Mortg. Co. v. Rothwell*, 19 Cal. App. 4th 1226, 1239 (1995) (whether a party's reliance

16   was justified may be decided as a matter of law if reasonable minds can come to only one

17   conclusion based on the facts) (emphasis added).

18           Plaintiff states that "immediately" after he received the notice of default, which was

19   recorded and mailed in September 2011, a notice which commenced the foreclosure process, he

20   contacted Wells Fargo.  He does not provide any details of this contact.  Four months later, after

21   the after the notice of trustee sale is recorded, plaintiff alleges Wells Fargo agreed to reverse the

22   foreclosure process and credit his funds.  Plaintiff does not state what steps he would have taken

23   to protect his title or how Wells Fargo "induced" him to forgo these steps.

24   **B.      The Complaint Lacks An Actionable Misrepresentation**

25           The second and third claims also fail to the extent plaintiff alleges a promise as to a

26   future event:  that Wells Fargo would stop the foreclosure, reverse the foreclosure process,

27   postpone the sale, and assist with and/or modify the loan.  (Compl. ¶11, 19, 26).  However, it "is

28   hornbook law that an actionable misrepresentation must be made *about past or existing facts*;

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    statements regarding future events are merely deemed [non-actionable] opinions." *San*

2    *Francisco Design Center Assoc. v. Portman Co.*, 41 Cal. App. 4th 29, 43-44 (1995) (emphasis

3    added); *see also Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153, 158 (1991).

4    California simply does not recognize tort liability for a negligent false promise of something that

5    would happen in the future.  *Id.*  Plaintiff cannot sue defendants over negligent promises to

6    reverse the foreclosure, postpone the sale, cancel the sale, modify the loan or assist in modifying

7    the loan in the future.

8    **C.      The Complaint Fails To Identify A Duty of Care For Plaintiff's Claim For Negligent**

9    **Misrepresentation**

10           The tort of negligent misrepresentation requires the defendant to owe the plaintiff a duty

11   of care.  *See e.g., Plastino v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS 79342 *25-26

12   (N.D. Cal. June 7, 2012) (negligent misrepresentation claim against lender dismissed due to

13   borrower's failure to plead a duty of care); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349

14   (1997) (A plaintiff's "inability to plead a duty of care on the part of [the defendant] precludes his

15   maintenance of a cause of action on any negligence theory."); *Cicone v. URS Corp*., 183 Cal.

16   App. 3d 194, 207-11 (1986) (a duty of care is necessary to proceed with a claim of negligent

17   misrepresentation); "cannot state a claim against a lender for negligent misrepresentation unless

18   there is a special relationship between them which gives rise to a duty. 'As a general rule, a

19   financial institution owes no duty of care to a borrower when the institution's involvement in the

20   loan transaction does not exceed the scope of its conventional role as a mere lender of money.'"

21   *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 51296, 19-20 (N.D. Cal. June 17, 2009)

22   (quoting *Nymark v. Heart Fed. Savings & Loan Assn*, 231 Cal.App.3d 1089, 1096 (1991)).

23           Plaintiff does not and cannot allege that Wells Fargo owed him a duty of care for this

24   allegation fails as a matter of law.  California law is clear that as a general rule, a financial

25   institution such as Wells Fargo owes no duty of care to a borrower when the institution's

26   involvement in the loan transaction does not exceed the scope of its conventional role as a mere

27   lender of money. *Nymark v. Heart Fed. Savings & Loan*, 231 Cal. App. 3d 1089, 1096 (1991);

28   *see also Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (lender owes no

1   fiduciary duty).

2       Here, the pleadings do not allege that Wells Fargo stepped outside its role as a

3   conventional lender of money.  After all, it is extremely commonplace for bank representatives

4   to deal directly with a borrower when responding to questions concerning loan servicing,

5   including modification discussions or the foreclosure process.  *See e.g.*, *Gonzales v. Wells Fargo*

6   *Bank, N.A.*, 2012 U.S. Dist. LEXIS 154851, *20 (N.D. Cal. Oct. 29, 2012) ("A loan

7   modification, which is nothing more than a renegotiation of loan terms, falls well within an

8   institution's conventional money-lending role."); *Settle v. World Savings Bank, FSB*, 2012 U.S.

9   Dist. LEXIS 4215, *24 (C.D. Cal. Jan. 11, 2012) ("Numerous cases have characterized a loan

10  modification as a traditional money lending activity.").  Since plaintiff is unable to impute a duty

11  of care to Wells Fargo, this claim must necessarily fail.

12      **5.    PLAINTIFF FAILS TO ALLEGE A CLAIM FOR BREACH OF THE IMPLIED**

13              **COVENANT OF GOOD FAITH AND FAIR DEALING**

14      Plaintiff alleges that Wells Fargo breached the implied covenant of good faith and fair

15  dealing by failing to reverse the foreclosure process and/or postpone the trustee sale.  (Compl.

16  ¶¶33-34).  There is no merit to this claim.

17      "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff

18  must establish the existence of a contractual obligation, along with conduct that frustrates the

19  other party's rights to benefit from the contract."  *Fortaleza v. PNC Fin. Servs.  Group, Inc.*, 642

20  F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009).  The "implied covenant of good faith and fair

21  dealing is limited to assuring compliance with the express terms of the contract, and cannot be

22  extended to create obligations not contemplated by the contract."  *Pasadena Live, LLC v. City of*

23  *Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th

24  317, 349-50 (2000). "[T]he implied covenant will only be recognized to further the contract's

25  purpose; it will not be read into a contract to prohibit a party from doing that which is expressly

26  permitted by the agreement itself."  *Wolf v. Walt Disney Pictures and Television*, 162 Cal. App.

27  4th 1107, 1120 (2008).

28      In this case, plaintiff's claim fails because, without more, nothing in the parties' written

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  agreements requires Wells Fargo to reverse the foreclosure process or postpone the foreclosure

2  sale.  Additionally, at times in the complaint, and incorporated into this claim, plaintiff suggests

3  Wells Fargo promised to assist with and/or modify the loan.  (*See* Compl. ¶¶19, 26).  Yet,

4  nowhere in the written agreements is there an express provision that Wells Fargo will provide a

5  loan modification to plaintiff in the event of his financial hardship.  The terms of the parties'

6  agreements defined their conduct towards one another and the loan documents do not require

7  Wells Fargo to modify the terms of plaintiff's loan.  *Cross v. Downey Savings and Loan*

8  *Association*, 2009 U.S. Dist. LEXIS 17946, at *22, 23 (C.D. Cal. Feb. 23, 2009).[1]

9  **6.   PLAINTIFF CANNOT OBTAIN EQUITABLE RELIEF TO SET ASIDE THE**

10  **FORECLOSURE SALE BECAUSE HE FAILS TO INCLUDE A NECESSARY**

11  **PARTY**

12  In his Prayer for relief, plaintiff seeks to set aside the trustee sale and cancel the Trustee

13  Deed Upon Sale.  (Compl. at 7).  On January 26, 2012, the Property was purchased at the

14  foreclosure sale by persons who are not a parties to this action.  (*See* RJN Exh. J).  In violation of

15  Rule 19, plaintiff cannot offer any reason why the present owners are not named in claims

16  affecting title to the Property.  The Ninth Circuit has held that "'no procedural principle is more

17  deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all

18  parties who may be affected by the determination of the action are indispensable.'"  *Virginia*

19  *Surety Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998) (*quoting*

20  *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975)).  Without an indispensable

21  party, the Prayer to set aside the trustee sale and cancel the Trustee Deed Upon Sale cannot

22  survive.

23  / / /

24  / / /

25

26  [1] There is also no statute or code provision that requires Wells Fargo to modify the terms of
plaintiff's Loan.  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222-23, 231 ("There is no

27  right, for example, under [Civil Code Section 2923.5], to a loan modification"); *Hoffman v. Bank
of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30, 2010) ("lenders are

28  not required to make loan modifications for borrowers that qualify under HAMP nor does the
servicer's agreement confer an enforceable right on the borrower").

1

**7.    PLAINTIFF'S COMPLAINT FAILS TO SATISFY**

2

**THE RULE 8 PLEADING REQUIREMENTS**

3

Rule 8 of the Federal Rules of Civil Procedure requires some meaningful factual

4 information to be alleged for a claim to survive a Rule 12(b)(6) motion.  As stated in *Ashcroft v.*

5 *Iqbal*, 129 U.S. 1937, 1949 (2009):

6
> [T]he pleading standard Rule 8 announces does not require "detailed
> factual allegations," but it demands more than an unadorned, the-

7
> defendant-unlawfully harmed-me accusation.  [citation].  A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the elements

8
> of cause of action will not do." [citation].  Nor does a complaint suffice if
> it tenders "naked assertions" devoid of "further factual enhancement."

9

10

To survive a motion to dismiss under this standard, "a complaint must contain sufficient

11 factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129

12 U.S. at 1949.  Coupled with the recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

13 (2007), pleading requirements are now sharpened.  Taken together, these cases establish that a

14 plaintiff must "allege enough facts to state a claim to relief that is plausible on its face;" in other

15 words, the standard became "plausible," not "conceivable."  *Twombly*, 550 U.S. at 557.

16 The complaint in this case falls well short of this standard.  It contains no factual allegations that

17 support any claim of wrongdoing by Wells Fargo and relies almost entirely on improper labels

18 and legal conclusions, which are not entitled to the presumption of truth. *Iqbal,* 129 U.S. at

19 1949-50.  Moreover, the complaint does not plead the elements of any readily recognized claim

20 for relief.  As such, the complaint does not meet the Rule 8 standards and must be dismissed.

21 / / /

22 / / /

23 / / /

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**8.    CONCLUSION**

2      For all of the foregoing reasons, Wells Fargo requests an order granting its motion to

3  dismiss the complaint without leave to amend.

4                                          Respectfully submitted,

5  Dated:  April 14, 2014                  ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP
6
                                           By:    /s/ E. Christine Hehir
7                                                Christine Hehir
                                           Attorneys for Defendant WELLS FARGO BANK,
8                                          N.A., successor by merger with Wells Fargo Bank
                                           Southwest, N.A., formerly known as WACHOVIA
9                                          MORTGAGE, FSB, formerly known as World
                                           Savings Bank, FSB ("Wells Fargo")
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3          I, the undersigned, declare that I am over the age of 18 and am not a party to this action.
I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling,
Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena,
4    California  91101-2459.

5          On the date below, I served a copy of the foregoing document entitled:

6          **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF WELLS FARGO'S
MOTION TO DISMISS COMPLAINT**

7

on the interested parties in said case as follows:
8

9

*Served Via the Court's CM/ECF System:*
10

*Counsel for Plaintiff:*
11

Robert E. Rosenthal
12                           Sergio H. Parra
BOHNEN, ROSENTHAL & KREEFT
13                       787 Munras Avenue, Suite 200
P.O. Box 1111
14                           Monterey, CA 93942
Tel:  (831) 649-5551 | Fax:  (831) 649-0272
15

16         I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.  I declare that I am employed in the office of a member of the
17    Bar of this Court, at whose direction the service was made.  This declaration is executed in
Pasadena, California on April 14, 2014.

18

19    _____Christine Daniel_____      _____*/s/ Christine Daniel*_____

20          (Type or Print Name)                (Signature of Declarant)

21

22

23

24

25

26

27

28

CASE NO.:  4:13-CV-04506-YGR
CERTIFICATE OF SERVICE