UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TODD ARCOLEO,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 13-cv-04506-BLF

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

On May 19, 2014, this Court issued an Order to Show Cause as to why Plaintiff's claims should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF 18) Plaintiff was given a deadline of June 16, 2014 to respond to the Court's Order. (*Id.* at 2) Plaintiff has not done so.

When determining whether to dismiss a case for failure to prosecute, the Court weighs several factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of the cases on the merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court finds that four of these factors support dismissing Plaintiff's action for failure to prosecute.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (dismissing a case when Plaintiff failed to pursue his action for four months). Second, Plaintiff's failure to respond to the Order to Show Cause, his failure to appear for a Case Management Conference (*see* ECF 16), and his failure to file any documents with this Court following his Complaint being removed to federal court in September 2013, has "[caused] the action to come to a complete halt," a circumstance which merits dismissal because it burdens this

Court's ability to manage its docket. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Third, failure to dismiss the action would prejudice Defendants, who filed a Motion to Dismiss the action over five months ago with no response from Plaintiff. *See id.* at 991-92 (unreasonable delay constitutes prejudice to a defendant). Fourth, Plaintiff's failure to file *any* document in response to the Order to Show Cause, and his total disappearance from this litigation, "renders any other sanction meaningless," thus weighing in favor of dismissal. *Davis v. City & Cnty. of San Francisco*, 2006 WL 140568, at *2 (N.D. Cal. Jan. 17, 2006). Fifth, and finally, since public policy generally favors disposition of cases on their merits, *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), this factor weighs against dismissal.

Four of the five factors considered by courts in determining whether to dismiss an action for failure to prosecute weigh strongly in favor of dismissal. As such, the Court DISMISSES this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: September 11, 2014

_____
BETH LABSON FREEMAN
United States District Judge